## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DANA SWANTON,

      Plaintiff,

v.                                              CASE NO:
                                              HON:

OSCODA TOWNSHIP, IOSCO COUNTY, ERIC MCNICHOL, KEVIN HART, DANNY GALLAHAR, TYLER LESLIE, NICHOL PALUMBO, SCOTT FRANK, ANDY SALWEY, STEVE BELLOWS, TODD SOWARDS, DAVID WOOD, and CLAYTON KING,
in their individual and official capacities,

      Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>Amy.derouin@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **DANA SWANTON**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants state as follows:

1

1.    That Plaintiff is a resident of the City of Glennie, County of Alcona, State of Michigan.

2.    That Defendant OSCODA TOWNSHIP is a municipal corporation and governmental subdivision organized under the laws of the State of Michigan.

3.    That Defendant IOSCO COUNTY is a municipal corporation and governmental subdivision organized under the laws of the State of Michigan.

4.    That Defendant ERIC MCNICHOL is and/or was a police officer employed by the Oscoda Township Police Department and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

5.    That Defendant KEVIN HART is and/or was a police officer employed by the Oscoda Township Police Department and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

6.    That Defendant DANNY GALLAHAR is and/or was a police officer employed by the Oscoda Township Police Department and was acting under color of law, in his individual and official capacity, and within the

course and scope of his employment at all times mentioned herein.

7.    That Defendant TYLER LESLIE is and/or was a police officer employed by the Oscoda Township Police Department and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

8.    That Defendant NICHOL PALUMBO is and/or was a prosecuting attorney employed by IOSCO COUNTY and was acting under color of law, in her individual and official capacity, and within the course and scope of her employment at all times mentioned herein.

9.    That Defendant SCOTT FRANK is and/or was a corrections officer employed by the Iosco County Jail and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

10.   That Defendant ANDY SALWEY is and/or was a corrections officer employed by the Iosco County Jail and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

11.   That Defendant STEVE BELLOWS is and/or was a corrections officer employed by the Iosco County Jail and was acting under color of law, in his individual and official capacity, and within the course and scope of

his employment at all times mentioned herein.

12.   That Defendant SOWARDS is and/or was a corrections officer employed by the Iosco County Jail and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

13.   That Defendant KING is and/or was a corrections officer employed by the Iosco County Jail and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

14.   That Defendant WOOD is and/or was a corrections officer employed by the Iosco County Jail and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

15.   All relevant events giving rise to this lawsuit occurred in Tawas City, County of Iosco, State of Michigan

16.   That this lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth and Fourteenth Amendments of the United States Constitution, and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983.

17.   Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal

question], 28 U.S.C. § 1343 [civil rights].

18.    That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) not including interest, costs, and attorney fees.

## **FACTS**

19.    Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

20.    That on or about October 2, 2016, Plaintiff was awoken whe he was assaulted and beaten by his ex-wife, Brandi Hurlburt. He told her that he intended to divorce her and report her son, Nikkolas Bergman, for pedophilia before going back to sleep.

21.    That sometime later, Ms. Hurlburt again woke Plaintiff by placing a hot curling iron on his foot. Plaintiff and Ms. Hurlburt continued their conversation outside, and Ms. Hurlburt ultimately pushed him to the ground. Consequently, Plaintiff began driving to the hospital for treatment.

22.    That while Plaintiff was en route to the hospital, Ms. Hurlburt and Mr. Bergman went to the police station to report false allegations that Plaintiff had raped and tortured her and that he was currently armed and dangerous. This report was made to Defendant MCNICHOL, Defendant GALLAHAR, Defendant LESLIE, and Defendant HART. Upon

information and belief, Ms. Hurlburt had a close relationship with these persons, particularly Defendant MCNICHOL.

23. That Defendant GALLAHAR dispatched to Ms. Hurlburt's residence and reported finding an AR-15 in the driveway, which he picked up with his bare hands and failed to fingerprint. Upon information and belief, the AR-15 was planted by Defendant GALLAHAR.

24. That Michigan State Police encountered Plaintiff north of a Citgo Gas Station near Tawas City and followed Plaintiff's vehicle at a distance. At or about 6:04 AM, Plaintiff pulled into the Citgo Gas Station and was arrested by Trooper Blair, Trooper Bolen, and Defendant LESLIE. Plaintiff was charged with Torture, criminal sexual conduct in the 1st degree (3 counts), unlawful imprisonment, dangerous weapons – carrying with unlawful intent, felonious assault, domestic violence, failure to report accident, and operating while intoxicated.

25. That Defendant GALLAHAR and Defendant MCNICHOL were then dispatched to Ms. Hurlburt's residence as she claimed to have found Plaintiff's pistol in the yard. On the way to Ms. Hurlburt's residence, Defendant GALLAHAR and Defendant MCNICHOL stopped to collect vehicle parts alleged to have been dislodged by Plaintiff crashing his vehicle. However, Plaintiff never crashed his vehicle.

26.   That on October 3, 2016, Plaintiff was arraigned and denied bond.

27.   That while Plaintiff was detained and awaiting trial, Defendant
      PALUMBO improperly disclosed information to the press, resulting in
      vilifying articles published in the Iosco County and Oscoda Press
      Newspapers.

28.   That on November 18, 2016, a preliminary examination was held in
      which Defendant GALLAHAR and Defendant LESLIE testified.
      Defendant GALLAHAR provided false and/or misleading testimony
      regarding the planted AR-15, and Defendant LESLIE provided false
      and/or misleading testimony regarding supposed inconsistencies in
      Plaintiff's statements following the alleged crime. Judge Allen C. Yenior
      made a finding of probable cause, bound the case up to circuit court, and
      denied bail to Plaintiff.

29.   That on April 20, 2017, hearing was held before Judge Christopher P.
      Martin regarding bond and/or custody of Plaintiff. Despite witness
      testimony in support of Plaintiff, Judge Martin relied upon the false and
      misleading evidence presented at the preliminary examination to support
      his denial of bond.

30.   That after this hearing, Defendant SALWEY pushed down upon
      Plaintiff's left leg with such force that Plaintiff injured his left knee.

31.   That on July 26, 2017, during a divorce hearing, Defendant BELLOWS placed Plaintiff in leg irons which were too tight. Plaintiff complained to Defendant BELLOWS and Defendant FRANK, but Plaintiff was forced to remain in too-tight leg irons, resulting in deep indentations and bleeding.

32.   That Plaintiff was subsequently placed in a cell with an inmate who had a scabies infection, and on September 8, 2017, Plaintiff was taken to the ER where it was determined that he had contracted scabies. However, Defendant FRANK refused treatment to Plaintiff.

33.   That Plaintiff was subsequently placed in a cell with a different inmate, James Thompson, who is a member of the Aryan Brotherhood. Inmate Thompson regularly threatened Plaintiff and yelled anti-Semitic slurs at him. Plaintiff reported this abuse to Defendant SALWEY, Defendant WOOD, and Defendant KING, but Plaintiff continued to be housed in the same cell as Inmate Thompson.

34.   That on or about January 5, 2018, Plaintiff was attacked by Inmate Thompson, who began throwing objects at him. Plaintiff called out to Defendant SOWARDS for help, but Defendant SOWARDS did nothing. Plaintiff was then punched and scratched by Inmate Thompson.

35.   That additionally, while Plaintiff was in jail awaiting trial, Defendant

FRANK gave Plaintiff a Torah written on in marker and denied Plaintiff Kosher foods and his prayer shawl.

36. That on February 15, 2019, Plaintiff's jury trial began. On February 28, 2019, Plaintiff was found guilty only as to the OWI charge. Plaintiff was therefore acquitted of all other charges: 1) Torture, 2) CSC 1st degree injury, 3) Assault-weapon, 4) Domestic violence, 5) Failure report accident, 6) CSC 1st degree injury, 7) CSC 1st degree injury, 8) Assault by strangulation. Plaintiff was immediately released from jail with no fines or costs charged.

37. That Plaintiff was unlawfully jailed for 786 days prior to his release.

38. That as a direct and proximate cause of Defendants' unlawful actions against Plaintiff as described herein, Plaintiff has suffered injuries and damages including, but not limited to, the following: potential loss of earnings and earning capacity; loss of career opportunities; loss or reputation and esteem in the community; mental and emotional distress; and loss of the ordinary pleasures of life.

<u>**COUNT I**</u>
<u>**VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS**</u>

## 42 U.S.C. § 1983—UNREASONABLE SEIZURE/FABRICATION OF EVIDENCEAS TO DEFENDANTS GALLAHAR, LESLIE, MCNICHOL, AND HART

39.  Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

40.  That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches and seizures.

41.  At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiff's Fourth Amendment rights when they caused Plaintiff to be unreasonably detained based upon Defendants' false or misleading statements made with reckless disregard for the truth.

42.  That Defendants' false statements supported the Court's determination of probable cause for criminal sexual conduct in the first degree which caused Plaintiff to be unlawfully detained for 786 days.

43.  That Defendants knowingly manufactured probable cause through drafting or soliciting false statements and planting evidence.

44.  That through this manufactured probable cause, Defendants effected a seizure.

45.     Defendants acted under color of law and are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from unreasonable searches and seizures and Fourteenth Amendment right to be free from prosecution without probable cause.

46.     Defendants' illegal and unconstitutional acts were the direct and proximate cause of Plaintiff's deprivation of his constitutional rights.

47.     Due to Defendants' actions, Plaintiff's Fourth and Fourteenth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully request that this Honorable Court to award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

### COUNT II
### 42 U.S.C. § 1983
### VIOLATION OF THE FOURTEENTH AMENDMENT

## <u>EXCESSIVE USE OF FORCE AS TO DEFENDANTS SALWEY AND BELLOWS</u>

48.  Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

49.  Defendants were at all times relevant to this action acting under color of law they violated Plaintiff's Fourteenth Amendment rights.

50.  Under the Fourteenth Amendment of the United States Constitution, a person who is in pre-trial detention has a right to be free from excessive use of force.

51.  That Plaintiff was subjected to excessive use of force, including, but not limited to the following: Defendant SALWEY and Defendant BELLOWS applied too-tight shackles which were not loosened upon his request and which resulted in swelling and bruising; and Defendant SALWEY pressed down on Plaintiff's ankle and knee while Plaintiff was in shackles and Plaintiff told him that it hurt and to stop.

52.  That this force purposely or knowingly used against Plaintiff was objectively unreasonable.

53.  As a result of Defendants' violation/deprivation of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages to 42 U.S.C. §1983 together with costs, interest, and attorney fees pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

**COUNT III**
**42 U.S.C. § 1983**
**VIOLATION OF THE FOURTEENTH AMENDMENT**
**PROCEDURAL DUE PROCESS AS TO DEFENDANT PALUMBO**

54.  Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

55.  Defendant was at all times relevant to this action acting under color of law when they violated Plaintiff's Fourteenth Amendment rights.

56.  The Fourteenth Amendment to the United States Constitution prohibits a State from depriving Plaintiff of a property right, liberty interest, bodily integrity, reputation, and/or "good name" without due process of law.

57.  Under the Due Process Clause of the Fourteenth Amendment, citizens have the right to notice and opportunity to be heard before being defamed and/or subjected to the legal process.

58.  That prior to Plaintiff's trial by a jury of his peers, Defendant PALUMBO made false and/or misleading statements to the press which could have influenced the jury in their decision as to his guilt and certainly did influence Plaintiff's bail decisions.

59.    That the acts of making false and/or misleading statements to the press by Defendant PALUMBO were outside the scope and course of her prosecutorial duties, and therefore Defendant PALUMBO is not entitled to absolute immunity.

60.    Defendant's acts were at all times reckless, intentional, and/or deliberately indifferent and deprived Plaintiff of his rights under the Fourteenth Amendment to the United States Constitution.

61.    As a result of Defendants' violation/deprivation of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages to 42 U.S.C. §1983 together with costs, interest, and attorney fees pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## **COUNT IV**
## **42 U.S.C. § 1983**

## VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENT CONDITIONS OF CONFINEMENT AS TO DEFENDANTS FRANK, SALWEY, SOWARDS, WOOD, AND KING

62.   Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

63.   Defendants were at all times relevant to this action acting under color of law when they violated Plaintiff's First and Fourteenth Amendment rights.

64.   Defendants were deliberately indifferent to Plaintiffs medical and other needs, which is illustrated by, but is not limited to, the following:

(a)  Defendants denied Plaintiff medical treatment for his injuries despite his repeated requests for treatment;

(b) Plaintiff, who is Jewish, was placed in a jail cell with James Thompson, who is a member of the Aryan Brotherhood, whose threats were reported to Defendants by Plaintiff and who subsequently attacked Plaintiff while Defendants refused to take action to prevent the assault;

(c) Plaintiff was denied Kosher meals and subjected to discrimination based upon his religion despite his repeated requests for Kosher meals and accommodation to permit free exercise of his religious beliefs.

65.    Defendants' deliberate indifference to Plaintiff's needs violated his constitutional rights under the Fourth and Fourteenth Amendment and violated his statutory rights under 42 U.S.C. § 1983.

66.    Defendants' violations of Plaintiff's constitutional and statutory rights were a direct and proximate cause of his injuries.

67.    As a result of Defendants' violation/deprivation of Plaintiff's constitutional rights, Plaintiff has a viable claim for compensatory and punitive damages to 42 U.S.C. §1983 together with costs, interest, and attorney fees pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT IV
## CIVIL CONSPIRACY AS TO DEFENDANTS
## GALLAHAR, LESLIE, MCNICHOL, HART, AND PALUMBO

68.    Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

69.    Defendants acted in concert to unlawfully arrest Plaintiff and then proceeded with the legal process thereafter without probable cause for crimes that he clearly did not commit.

70.  That Defendants submitted false evidence in order to institute charges against Plaintiff.

71.  That Defendants agreed to continue to pursue and/or refuse to dismiss the criminal action against Plaintiff despite the fact that they knew they had no probable cause to support that Plaintiff had committed any crimes for which he could be denied bail.

72.  That due to Defendants' refusal to dismiss the criminal charges of criminal sexual conduct in the 1st degree wrongfully alleged against Plaintiff, Plaintiff was forced to remain in Jail without bail in which he was ultimately found not guilty of 1) Torture, 2) CSC 1st degree injury, 3) Assault-weapon, 4) Domestic violence, 5) Failure report accident, 6) CSC 1st degree injury, 7) CSC 1st degree injury, 8) Assault by strangulation.

73.  That as a result of Defendants' unlawful actions, Plaintiff sustained injuries and damages.

**WHEREFORE** Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00 00) exclusive of interests, costs, and attorney fees.

## COUNT V
## DEFENDANTS OSCODA TOWNSHIP AND IOSCO COUNTY
## CONSTITUTIONAL VIOLATIONS

74.　Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

75.　Defendants OSCODA TOWNSHIP and IOSCO COUNTY acted intentionally and with deliberate indifference to the obvious and/or known risks to Plaintiff's safety, health, reputation, and/or liberty when it practiced and/or permitted customs and/or practices which resulted in violation of Plaintiff's constitutional rights complained of herein.

76.　These unlawful customs, policies, and/or practices included, but were not limited to the following:

a.　failing to train and supervise its employees;

b.　failing to supervise, review, and/or discipline employees whom Defendants knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its employees to engage in illegal conduct; and

c.　failing to require its employees to comply with established policies and/or procedures and to discipline or reprimand employees who violated these established polices.

77.     Defendants' violations of Plaintiff's constitutional and statutory rights were a direct and proximate cause of his injuries.

78.     The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's clearly established constitutional rights and pursuant to 42 U.S.C. § 1983, Plaintiff has a viable claim for compensatory and punitive damages as well as interest, costs, and attorney fees.

**WHEREFORE** Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00 00) exclusive of interests, costs, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

BY:**/s/ Christopher J. Trainor**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650

Dated:  December 15, 2020          amy.derouin@cjtrainor.com
*CJT/llw*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DANA SWANTON,

       Plaintiff,

v.                                                        CASE NO:
                                                          HON:

OSCODA TOWNSHIP, IOSCO COUNTY, ERIC MCNICHOL, KEVIN HART, DANNY GALLAHAR, TYLER LESLIE, NICHOL PALUMBO, SCOTT FRANK, ANDY SALWEY, STEVE BELLOWS, SOWARDS, DAVID WOOD, and CLAYTON KING,
in their individual and official capacities,

       Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>Amy.derouin@cjtrainor.com | |

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, **DANA SWANTON**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby make a Demand for Trial by Jury in the above-captioned matter.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

BY:**/s/ Christopher J. Trainor_____**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
Dated:  December 15, 2020      amy.derouin@cjtrainor.com
*CJT/llw*