## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

DANA SWANTON,

     Plaintiff,

                              Case No. 20-cv-13308-SDD-PTM

v.                                Hon. Stephanie Dawkins Davis

OSCODA TOWNSHIP, IOSCO COUNTY,
ERIC McNICHOL, KEVIN HART, DANNY
GALLAHAR, TYLER LESLIE, NICHOL
PALUMBO, SCOTT FRANK, ANDY SALWEY,
STEVE BELLOW, TODD SOWARDS, DAVID
WOOD and CLAYTON KING, in their individual
and official capacities,

     Defendants.

| CHRISTOPHER TRAINOR (P42449) | TIMOTHY S. FERRAND (P39583) |
|---|---|
| AMY J. DEROUIN (P70514) | Cummings, McClorey, Davis & Acho, P.L.C. |
| Christopher Trainor & Associates | Attorney for Defendants Iosco County, |
| Attorney for Plaintiff | Nichol Palumbo, Scott Frank, Andy |
| 9750 Highland Road | Salwey, Steve Bellows, Todd Sowards, |
| White Lake, MI 48386 | David Wood and Clayton King |
| (248) 886-8650 | 19176 Hall Road, Suite 220 |
| Amy.derouin@cjtrainor.com | Clinton Township, MI 48038 |
| | (586) 228-5600 |
| | tferrand@cmda-law.com |

## ANSWER TO COMPLAINT

Defendants, IOSCO COUNTY, NICHOL PALUMBO, SCOTT FRANK,

ANDY SALWEY, STEVE BELLOWS, TODD SOWARDS, DAVID WOOD and

CLAYTON KING, by and through their attorneys, CUMMINGS, McCLOREY,

DAVIS & ACHO, P.L.C., for their Answer to Plaintiff's Complaint, provide as follows:

1.    Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

2.    Defendants admit that Oscoda Township is a Michigan township organized under state law. Defendants lack knowledge and/or information sufficient to form a belief as to the remainder of the allegation.

3.    Defendants admit that Iosco County is a Michigan county organized under state law. Defendants lack knowledge and/or information sufficient to form a belief as to the remainder of the allegation.

4.    Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

5.    Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

6.    Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

7.    Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

8.    Defendants admit that Nichol Palumbo is the former Iosco County Prosecuting Attorney and was acting within the scope and course of her employment

at all relevant times. Defendants deny the remainder of the allegation which is untrue and unsupported in fact and law.

9.     Defendants admit that Scott Frank was an Iosco County Sheriff's Deputy, working as a corrections officer and acting within the scope and course of his employment at all relevant times.  Defendants deny the remainder of the allegation which is untrue and unsupported in fact and law.

10.     Defendants admit that Andy Salwey was an Iosco County Sheriff's Deputy, working as a corrections officer and acting within the scope and course of his employment at all relevant times.  Defendants deny the remainder of the allegation which is untrue and unsupported in fact and law.

11.     Defendants admit that Steve Bellows was an Iosco County Sheriff's Deputy, working as a corrections officer and acting within the scope and course of his employment at all relevant times.  Defendants deny the remainder of the allegation which is untrue and unsupported in fact and law.

12.     Defendants admit that Todd Sowards was an Iosco County Sheriff's Deputy acting, working as a corrections officer and within the scope and course of his employment at all relevant times.  Defendants deny the remainder of the allegation which is untrue and unsupported in fact and law.

13.     Defendants admit that Clayton King was an Iosco County Sheriff's Deputy, serving as a corrections officer and acting within the scope and course of

his employment at all relevant times. Defendants deny the remainder of the allegation which is untrue and unsupported in fact and law.

14.     Defendants admit that David Wood was an Iosco County Sheriff's Deputy, serving as a corrections officer and acting within the scope and course of his employment at all relevant times. Defendants deny the remainder of the allegation which is untrue and unsupported in fact and law.

15.     Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

16.     Defendants deny this allegation which is untrue and unsupported in fact and law.

17.     Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

18.     Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

## **FACTS**

19.     Defendants incorporate by reference their answers to allegations 1-18 above.

20.     Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

21.     Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

22.     Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

23.     Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

24.     Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

25.     Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

26.     Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

27.     Defendants deny this allegation which is untrue and unsupported in fact and law.

28.     Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

29.     Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

30.     Defendants deny this allegation which is untrue and unsupported in fact and law.

31.     Defendants deny this allegation which is untrue and unsupported in fact and law.

32.     Defendants deny this allegation which is untrue and unsupported in fact and law.

33.     Defendants deny this allegation which is untrue and unsupported in fact and law.

34.     Defendants deny this allegation which is untrue and unsupported in fact and law.

35.     Defendants deny this allegation which is untrue and unsupported in fact and law.

36.     Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted.

37.     Defendants deny this allegation which is untrue and unsupported in fact and law.

38.     Defendants deny this allegation which is untrue and unsupported in fact and law.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT AND FOURTEENTH AMENDMENT 42 U.S.C. § 1983 – UNREASONABLE SEIZURE/FABRICATION OF EVIDENCE AS TO DEFENDANTS GALLAHAR, LESLIE, McNICHOL AND HART

39.     Defendants incorporate by reference their answers to allegations 1-38

above.

40.     Defendants deny this allegation which is untrue and unsupported in fact and law.

41.     Defendants deny this allegation which is untrue and unsupported in fact and law.

42.     Defendants deny this allegation which is untrue and unsupported in fact and law.

43.     Defendants deny this allegation which is untrue and unsupported in fact and law.

44.     Defendants deny this allegation which is untrue and unsupported in fact and law.

45.     Defendants deny this allegation which is untrue and unsupported in fact and law.

46.     Defendants deny this allegation which is untrue and unsupported in fact and law.

47.     Defendants deny this allegation which is untrue and unsupported in fact and law.

WHEREFORE, Defendants respectfully request this Honorable Court enter an order denying all relief sought by Plaintiff, dismissing Plaintiff's claims and awarding these Defendants their costs and attorney fees so wrongfully incurred.

## COUNT II
## 42 U.S.C. § 1983
## VIOLATION OF THE FOURTEENTH AMENDMENT EXCESSIVE USE OF FORCE AS TO DEFENDANTS SALWEY AND BELLOWS

48.     Defendants incorporate by reference their answers to allegations to 1-47 above.

49.     Defendants deny this allegation which is untrue and unsupported in fact and law.

50.     Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

51.     Defendants deny this allegation which is untrue and unsupported in fact and law.

52.     Defendants deny this allegation which is untrue and unsupported in fact and law.

53.     Defendants deny this allegation which is untrue and unsupported in fact and law.

WHEREFORE, Defendants respectfully request this Honorable Court enter an order denying all relief sought by Plaintiff, dismissing Plaintiff's claims and awarding these Defendants their costs and attorney fees so wrongfully incurred.

## COUNT III
## 42 U.S.C. § 1983
## VIOLATION OF THE FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS AS TO DEFENDANT PALUMBO

54.    Defendants incorporate by reference their answers to allegations to 1-53 above.

55.    Defendants deny this allegation which is untrue and unsupported in fact and law.

56.    Defendants lack knowledge and/or information sufficient to form a belief as to the truth of the matter asserted which is vague, ambiguous and ill-defined.

57.    Defendants deny this allegation which is untrue and unsupported in fact and law.

58.    Defendants deny this allegation which is untrue and unsupported in fact and law.

59.    Defendants deny this allegation which is untrue and unsupported in fact and law.

60.    Defendants deny this allegation which is untrue and unsupported in fact and law.

61.    Defendants deny this allegation which is untrue and unsupported in fact and law.

WHEREFORE, Defendants respectfully request this Honorable Court enter an order denying all relief sought by Plaintiff, dismissing Plaintiff's claims and awarding these Defendants their costs and attorney fees so wrongfully incurred.

**COUNT IV**
**42 U.S.C. § 1983**
**VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENT**
**CONDITIONS OF CONFINEMENT AS TO DEFENDANTS FRANK,**
**SALWEY, SOWARDS, WOOD, AND KING**

62.     Defendants incorporate by referenced their answers to allegations 1-61 above.

63.     Defendants deny this allegation which is untrue and unsupported in fact and law.

64.     Defendants deny this allegation which is untrue and unsupported in fact and law.  In further response, Defendants provide as follows:

        a.     Denied.

        b.     Denied.

        c.     Denied.

65.     Defendants deny this allegation which is untrue and unsupported in fact and law.

66.     Defendants deny this allegation which is untrue and unsupported in fact and law.

67.     Defendants deny this allegation which is untrue and unsupported in fact and law.

WHEREFORE, Defendants respectfully request this Honorable Court enter an order denying all relief sought by Plaintiff, dismissing Plaintiff's claims and awarding these Defendants their costs and attorney fees so wrongfully incurred.

## COUNT IV (sic)
## CIVIL CONSPIRACY AS TO DEFENDANTS GALLAHAR, LESLIE, McNICOL, HART AND PALUMBO

68.     Defendants incorporate by referenced their answers to allegations 1-67 above.

69.     Defendants deny this allegation which is untrue and unsupported in fact and law.

70.     Defendants deny this allegation which is untrue and unsupported in fact and law.

71.     Defendants deny this allegation which is untrue and unsupported in fact and law.

72.     Defendants deny this allegation which is untrue and unsupported in fact and law.

73.     Defendants deny this allegation which is untrue and unsupported in fact and law.

WHEREFORE, Defendants respectfully request this Honorable Court enter an order denying all relief sought by Plaintiff, dismissing Plaintiff's claims and awarding these Defendants their costs and attorney fees so wrongfully incurred.

**COUNT V**
**DEFENDANTS OSCODA TOWNSHIP AND IOSCO COUNTY**
**CONSTITUTIONAL VIOLATIONS**

74.     Defendants incorporate by reference their answers to allegations 1-73 above.

75.     Defendants deny this allegation which is untrue and unsupported in fact and law.

76.     Defendants deny this allegation which is untrue and unsupported in fact and law.  In further response, Defendants provide as follows:

      a.     Denied.

      b.     Denied.

      c.     Denied.

77.     Defendants deny this allegation which is untrue and unsupported in fact and law.

78.     Defendants deny this allegation which is untrue and unsupported in fact and law.

WHEREFORE, Defendants respectfully request this Honorable Court enter an order denying all relief sought by Plaintiff, dismissing Plaintiff's claims and

awarding these Defendants their costs and attorney fees so wrongfully incurred.

Respectfully Submitted,

**_Cummings, McClorey, Davis & Acho, P.L.C._**

By:   /s/ TIMOTHY S. FERRAND
      Timothy S. Ferrand (P39583)
      Attorney for Defendants, Attorney for Iosco
      County, Nichol Palumbo, Scott Frank, Andy
      Salwey, Steve Bellows, Todd Sowards, David
      Wood and Clayton King
      19176 Hall Road, Suite 220
      Clinton Township, MI 48038
      (586) 228-5600
Dated: February 1, 2021      tferrand@cmda-law.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

DANA SWANTON,

      Plaintiff,

                                Case No. 20-cv-13308-SDD-PTM

v.                             Hon. Stephanie Dawkins Davis

OSCODA TOWNSHIP, IOSCO COUNTY,
ERIC McNICHOL, KEVIN HART, DANNY
GALLAHAR, TYLER LESLIE, NICHOL
PALUMBO, SCOTT FRANK, ANDY SALWEY,
STEVE BELLOW, TODD SOWARDS, DAVID
WOOD and CLAYTON KING, in their individual
and official capacities,

      Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR (P42449) AMY J. DEROUIN (P70514) Christopher Trainor & Associates Attorney for Plaintiff 9750 Highland Road White Lake, MI 48386 (248) 886-8650 Amy.derouin@cjtrainor.com | TIMOTHY S. FERRAND (P39583) Cummings, McClorey, Davis & Acho, P.L.C. Attorney Defendants, for Iosco County, Nichol Palumbo, Scott Frank, Andy Salwey, Steve Bellows, Todd Sowards, David Wood and Clayton King 19176 Hall Road, Suite 220 Clinton Township, MI 48038 (586) 228-5600 tferrand@cmda-law.com |

## DEFENDANTS' AFFIRMATIVE DEFENSES

    Defendants, IOSCO COUNTY, NICHOL PALUMBO, SCOTT FRANK,

ANDY SALWEY, STEVE BELLOWS, TODD SOWARDS, DAVID WOOD and

CLAYTON KING, by and through their attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C., for their Affirmative Defenses provide as follows:

1.     Plaintiff has failed to state a claim and/or cause of action upon which relief may be granted.

2.     Plaintiff's claims are barred by the applicable statute of limitations.

3.     Plaintiff's claims against each individual Defendant are barred by good faith and qualified immunity.

4.     Plaintiff's claims against each individual Defendant are barred by the absence of a constitutional deprivation.

5.     Plaintiff's claims against Defendant Palumbo are barred by the immunities afforded to prosecuting attorneys including absolute immunity, governmental immunity and prosecutorial immunity.

6.     Plaintiff's claims against Defendant Palumbo are barred by the privileges provided to prosecuting attorneys and witnesses in criminal proceedings including absolute and qualified privileges.

7.     Plaintiff's claims for excessive force are barred as the force deployed was reasonable, the application of handcuffs and/or shackles was necessary under the circumstances presented, Plaintiff did not complain and Defendants did not ignore complaints regarding the handcuffs and/or shackles and Plaintiff did not suffer injury.

8.      Plaintiff's claims for excessive force are barred by Plaintiff's status as an inmate and confinement in the county jail and the absence of any action which would constitute cruel an or unusual punishment or a violation of the Eighth or Fourteenth Amendment.

9.      Plaintiff's Fourteenth Amendment claims of procedural due process are barred by the absence of a property right or liberty interest.

10.     Plaintiff's Fourteenth Amendment due process claims are barred as Plaintiff was afforded both notice and an opportunity to be heard at every criminal proceeding and a post deprivation appellate remedy.

11.     Plaintiff's First and Fourteenth Amendment claims are barred by the absence of a First or Fourteenth Amendment right, the absence of retaliation for the exercise of a First or Fourteenth Right and a prevailing Governmental right and interest and privilege.

12.     Plaintiff's First and Fourteenth Amendment, conditions of confinement claims are barred by the absence of a right to select the conditions of confinement and/or a cellmate and the absence of any condition evidencing cruel and/or unusual punishment.

13.     Plaintiff's First and Fourteenth Amendment, conditions of confinement claims are barred by the absence of a serious medical need and/or the denial of

medical care or attention, the absence of knowledge of a serious medical need and or a culpable state of mind on behalf of any defendant.

14.     Plaintiff's First and Fourteenth Amendment, conditions of confinement claims are barred by the absence of any condition which would constitute cruel and/or unusual punishment.

15.     Plaintiff's civil conspiracy claims are barred by governmental immunity, MCL 691.1407(1) and (2).

16.     Plaintiff's civil conspiracy claims are barred by absolute immunity, MCL 691.1407(5).

17.     The County Prosecutor and the County Sheriff are the Highest Elected Officials and entitled to governmental immunity and absolute immunity, MCL 691.1407(1), (2), and (5).

18.     Plaintiff's civil conspiracy claims are barred as the collective efforts of officers working toward an arrest and a prosecutor working toward a conviction cannot constitute a civil conspiracy.

19.     Plaintiff's civil conspiracy claims are barred by the absence of a civil cause of action, an underlying tort and/or a concerted action which violates state or federal law or constitution.

20.     Plaintiff's civil conspiracy claims are barred by the absence of evidence demonstrating concerted conduct and/or a motive to violate the law.

21.     Plaintiff's constitutional claims against Iosco County are barred by Plaintiff's failure to identify a custom, policy or practice of the County which violates the Constitution, link that custom policy or practice to the County, and/or demonstrate a causal connection between the custom policy and/or practice and the alleged constitutional deprivation.

22.     Plaintiff's constitutional claims against Iosco County are barred by the absence of evidence of deliberate indifference.

23.     Plaintiff's constitutional claims against Iosco County are barred by Plaintiff's failure to plead and or demonstrate a County failure to train, supervise, direct, or control employees.

24.     Plaintiff's claims may be barred in whole or in part by the Prison Litigation Reform Act which requires Plaintiff to exhaust administrative remedies before initiating litigation under 42 U.S.C. §1983 (42 U.S.C. §1997(e)(a)).

25.     Plaintiff's claims may be barred in whole or in part by the Prison Litigation Reform Act which prohibits a federal civil rights action by a prisoner confined in jail for mental or emotional harm or injury without showing physical injury.  (42 U.S.C. §1997(e)(E)).

26.     Plaintiff's claims may be barred in whole or in part by the Prison Litigation Reform Act which requires the dismissal of frivolous claims which fail to

state a claim upon which relief may be granted or which seek monetary relief from a Defendant who is immune. (42 U.S.C. §1997(e)(C)).

27.    Plaintiff's claims are barred by his own actions, his own misconduct, his negligence, his contributory negligence, his criminal conduct, criminal actions and bad faith.

28.    Each Defendant is entitled to an independent evaluation of his or her conduct in light of the information available and law and Constitution.

29.    Defendants reserve the right to add additional Affirmative Defenses as they become known through further investigation and the discovery process.

Respectfully Submitted,

***Cummings, McClorey, Davis & Acho, P.L.C.***

By:    /s/ TIMOTHY S. FERRAND
Timothy S. Ferrand (P39583)
Attorney for Defendants, Attorney for Iosco
County, Nichol Palumbo, Scott Frank, Andy
Salwey, Steve Bellows, Todd Sowards, David
Wood and Clayton King
19176 Hall Road, Suite 220
Clinton Township, MI 48038
(586) 228-5600
Dated: February 1, 2021    tferrand@cmda-law.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

DANA SWANTON,

    Plaintiff,

                                     Case No. 20-cv-13308-SDD-PTM

v.                             Hon. Stephanie Dawkins Davis

OSCODA TOWNSHIP, IOSCO COUNTY,
ERIC McNICHOL, KEVIN HART, DANNY
GALLAHAR, TYLER LESLIE, NICHOL
PALUMBO, SCOTT FRANK, ANDY SALWEY,
STEVE BELLOW, TODD SOWARDS, DAVID
WOOD and CLAYTON KING, in their individual
and official capacities,

    Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR (P42449) | TIMOTHY S. FERRAND (P39583) |
| AMY J. DEROUIN (P70514) | Cummings, McClorey, Davis & Acho, P.L.C. |
| Christopher Trainor & Associates | Attorney for Defendants Iosco County, |
| Attorney for Plaintiff | Nichol Palumbo, Scott Frank, Andy |
| 9750 Highland Road | Salwey, Steve Bellows, Todd Sowards, |
| White Lake, MI 48386 | David Wood and Clayton King |
| (248) 886-8650 | 19176 Hall Road, Suite 220 |
| Amy.derouin@cjtrainor.com | Clinton Township, MI 48038 |
| | (586) 228-5600 |
| | tferrand@cmda-law.com |

## <u>RELIANCE ON JURY DEMAND</u>

Defendants, IOSCO COUNTY, NICHOL PALUMBO, SCOTT FRANK,

ANDY SALWEY, STEVE BELLOWS, TODD SOWARDS, DAVID WOOD and

CLAYTON KING, by and through their attorneys, CUMMINGS, McCLOREY,

DAVIS & ACHO, P.L.C., hereby rely upon the Jury Demand previously filed by the

Plaintiff in the above-entitled cause of action.

Respectfully Submitted,

***Cummings, McClorey, Davis & Acho, P.L.C.***

By:    */s/ TIMOTHY S. FERRAND*
       Timothy S. Ferrand (P39583)
       Attorney for Defendants, Attorney for Iosco
       County, Nichol Palumbo, Scott Frank, Andy
       Salwey, Steve Bellows, Todd Sowards, David
       Wood and Clayton King
       19176 Hall Road, Suite 220
       Clinton Township, MI 48038
       (586) 228-5600
Dated: February 1, 2021     tferrand@cmda-law.com


## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: [none]

***Cummings, McClorey, Davis & Acho, PLC***

By:    /s/ TIMOTHY S. FERRAND
       Timothy S. Ferrand (P39583)